IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
MELVIN TURNER,              *
                           *
        Plaintiff,         *
                           *
                           *
                           *
        v.                 *
                           *    CV 120-050
JO MARTIN, et al.,         *
                           *
        Defendants.        *
                           *
                           *
```

## O R D E R

Presently before the Court is Plaintiff's motion for reconsideration of the Court's February 5, 2021 Order (Doc. 31). (Doc. 33.)  For the following reasons, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

The relevant facts are set forth in the Court's February 5, 2021 Order.  (Doc. 31, at 1-6.)  In that Order, the Court granted Defendants Sheriff Richard Roundtree, Officer John or Jane Doe(s), Major Steven Strickland, Sergeant William Steptoe, Lieutenant Amelio R. Lamkin, and Lieutenant Mike D'Amico's ("Supervisor Defendants") motions to dismiss (Docs. 14, 16-21) and terminated them as Defendants.  Additionally, the Court dismissed all of Plaintiff's claims against Defendant Martin except for the

excessive force claim asserted against Defendant Martin in his individual capacity.   Plaintiff filed the present motion on March 5, 2021.   (Doc. 33.)

## II. DISCUSSION

Plaintiff filed his motion for reconsideration within twenty-eight days of the Court's Order; therefore, the Court will analyze the motion under Federal Rule of Civil Procedure 59(e).  See Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003).   Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007).   Plaintiff is proceeding under the theory that the Court must correct a clear error of law.   (Doc. 33, at 1.)

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly."  Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.").   Because it "is not an

appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted).   Moreover, it is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission).

Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).   And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

Plaintiff argues the Court used an "erroneous legal standard for supervisory liability." (Doc. 33, at 1.) However, it is apparent from Plaintiff's motion that he merely disagrees with the Court's analysis. Plaintiff is attempting to pick apart the Court's prior Order by arguing it "isolate[d] . . . prior incidents" and did not look at the complaint as a whole. (Doc. 33, at 5.) The Court did, however, use the correct legal standard when analyzing supervisory liability and construed all facts in the light most favorable to Plaintiff. Plaintiff simply did not plead facts that satisfy the "extremely rigorous" standard for supervisory liability. Gibbons v. McBride, 124 F. Supp. 3d 1342, 1364-65 (S.D. Ga. 2015) (citation omitted). The Court took into consideration all of the alleged "deprivations" and found they were not "obvious, flagrant, rampant and of continued duration" enough to notify the Defendant Supervisors of "widespread abuse." Id. at 1364.

Moreover, Plaintiff argues the Court erroneously used a heightened pleading standard when analyzing policies of the supervisors. (Doc. 33, at 7-8.) As the Court explained in its Order, to establish a causal connection under the custom or policy theory, Plaintiff must show "a supervisor's custom or policy result[ed] in deliberate indifference to constitutional rights." (See Doc. 31, at 23 (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v.

Scott, 610 F.3d 701, 709 (11th Cir. 2010)).) "Demonstrating a policy or custom generally requires the plaintiff 'to show a persistent and wide-spread practice.'" Goodman v. Kimbrough, 718 F.3d 1325, 1335 (11th Cir. 2013) (quoting McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004)). Plaintiff's conclusory and vague allegations were not enough to support an inference that the supervisors adopted a custom or policy that resulted in deliberate indifference to constitutional rights.

Plaintiff's motion is merely an attempt to relitigate Defendants' motions to dismiss. Plaintiff is essentially "urg[ing] [the Court] to reconsider its ruling because [Plaintiff] disagree[s] with the . . . [C]ourt's treatment of certain facts and its legal conclusions." Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763. This is not a proper basis for reconsideration. See id. Plaintiff was given an adequate opportunity to defend his claims, and Plaintiff cannot now, after receiving an unfavorable judgment, attempt to do what he could have done prior to this Court's ruling. Moreover, the Court has thoroughly considered the issues Plaintiff raises in his motion for reconsideration and the Court finds neither a reason nor a legal basis for reconsidering its previous Order.

5

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 33) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _16th_ day of April, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA